UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH EDISON, and AMARA FERDASZEWSKI, <br><br> Plaintiffs, <br><br> v. <br><br> USAA CASUALTY INSURANCE COMPANY, d.b.a. USAA INSURANCE AGENCY, INC., a foreign corporation doing business in Washington, <br><br> Defendant. | Case No. C06-5259 FDB <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs' Motion to Remand to Superior Court. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Plaintiffs' motion and remands this case to the state court.

**INTRODUCTION AND BACKGROUND**

On March 24, 2006, Plaintiffs filed their complaint in Thurston County Superior Court of Washington naming USSA Casualty Insurance (hereafter, USAA) as the only defendant. Plaintiffs' complaint alleges causes of action for breach of contract, breach of the implied covenant of good

ORDER - 1

faith and fair dealing, insurance bad faith, negligence, outrage, and violation of the Washington Consumer Protection Act. The complaint does not allege any federal causes of action. In the prayer for relief, Plaintiffs seek general and special damages, with no amount specified and an award of attorney's fees.

On May 12, 2006, USAA moved the action to this Court asserting diversity jurisdiction. The Notice of Removal states that "[t]he action is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy pursuant to Title 28 U.S.C. §1332." Concerning the amount in controversy the Notice of Removal states that "USSA has a good faith belief that the matter in controversy exceeds $75,000 exclusive of interest and cost."

Plaintiffs move to remand to the state court on the basis that USAA has failed to establish that the case meets the $75,000 jurisdictional requirement.

**MOTION FOR REMAND**

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending." 28 U.S.C. § 1441(a). One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The proper procedure for challenging removal to federal court is a motion to remand. A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a

ORDER - 2

preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006). The presumption against removal jurisdiction applies with particular force to defendant's arguments that complaint frames an amount in controversy that exceeds the jurisdictional minimum. Gaus, at 566; Rodgers v. Central Locating Service, Ltd., 412 F. Supp.2d 1171, 1175 (W.D. Wash., 2006). Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. Abrego Abrego, at 683; Gaus, at 566-67; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. Rodgers, at 1178; Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997). Instead, the courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal. Kroske v. U.S. BankCorp., 432 F.3d 976, 980 (9th Cir. 2005); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Gibson v. Chrysler Corp., 261 F.3d 927, 946 (9th Cir. 2001); Galt v. Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). "[S]peculative argument regarding the potential value of the award is insufficient" to establish the amount in controversy. Gaus, at 567; Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

USAA's removal papers assert that "Defendant USAA has a good faith belief that the matter in controversy exceeds $75,000 exclusive of interest and cost." Defendant, however, has not provided any factual evidence supporting this statement and, therefore, has not established that it is

ORDER - 3

"more likely than not" that the amount in controversy exceeds $75,000. See, e.g., Valdez, at 1117 (stating that "[i]nformation and belief hardly constitutes proof by a preponderance of the evidence"); Gaus at, 567 (explaining that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [a defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the threshold amount)

In response to the petition of removal, Plaintiffs have filed post-removal declarations stating that the amount being sought against USSA will not meet or exceed $75,000. Post-removal declarations, stipulations or other events that reduce the amount recoverable, whether beyond the plaintiff's control or the result of her own volition, do not oust a court's jurisdiction once it has attached. See, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992); Simmons v. PCR Technology, 209 F. Supp.2d 1029, 1033 (N.D. Cal.,2002). There is a difference, however, between evidence that clarifies a complaint that previously left the jurisdictional question ambiguous and evidence introduced by a plaintiff that seeks to reduce, not clarify, the demand after removal. See, Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir.1993); see also, Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D. N.C. 1996) ("[U]ntil jurisdiction becomes determinate, the court may consider any evidence of the amount in controversy."). Once jurisdiction is established by a determinate complaint (when federal jurisdiction is clear from the face of the complaint), jurisdiction cannot be divested by unilateral post-removal action taken or stipulations made by the plaintiff. Here, the complaint is silent as to the amount in controversy. Thus, this Court may consider the post-removal evidence to clarify the amount in controversy at the time of removal.

The Court, however, need not consider Plaintiffs' post-removal declarations, as Defendant has not provided any factual evidence supporting "the good faith belief that the matter in controversy

ORDER - 4

exceeds $75,000 exclusive of interest and cost," and, therefore, has not established the requisite jurisdictional amount in controversy.

If at a later time it becomes apparent through "an amended pleading, motion, order or other paper" that the amount in controversy exceeds $75,000, USSA may then remove the case within 30 days of receiving such notice. 28 U.S.C. § 1446(b); <u>Birkenbuel v. M.C.C. Constr. Corp.</u>, 962 F.Supp. 1305, 1307 (D. Mont. 1997). Defendant's right to remove the case at a later time is, of course, subject to the one-year limit on removal. 28 U.S.C. § 1446(b); <u>Burk v. Medical Savings Ins. Co.</u>, 348 F. Supp.2d 1063, 1070 (D. Ariz., 2004).

## AWARD OF ATTORNEY'S FEES

Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c) for bringing this Motion to Remand. 28 U.S.C. § 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees under § 1447(c) is within the broad discretion of the Court. Although bad faith need not be shown, the Court must undertake some review of the merits of the removal petition to assess the reasonableness of the attempted removal. See, <u>Moore v. Permanente Med. Group</u>, 981 F.2d 443, 446-47 (9th Cir. 1992). As previously noted, the complaint is silent as to the amount in controversy and Defendant presented no factual support of an amount in controversy. Nonetheless, the Court finds that an award of attorney fees would be inappropriate in this instance. Defendant's removal was prompt and the Plaintiffs motion to remand straightforward . the Court does not believe that awarding fees and costs in this case is necessary to further the goal of deterring improper removal. Defendants' removal, although legally incorrect, does not appear to have been taken in bad faith, or for the purpose of harassing Plaintiffs and delaying the progress of the lawsuit. Although this Court considers Defendant's removal improper, it finds that no award of attorneys fees is warranted.

ORDER - 5

**CONCLUSION**

For the reasons set forth above, this Court lacks jurisdiction over this action. The Plaintiffs' motion for remand shall be granted. The request for an award of attorney's fees is denied.

ACCORDINGLY,

IT IS ORDERED:

1. Plaintiffs' Motion to Remand to Superior Court [Dkt. #8] is **GRANTED**.

2. The request for an award of attorney's fees is **DENIED**

DATED this 28th day of June, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6